Singh v. Garland

BIA
Sichel, IJ
A202 017 683

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-four.

PRESENT:
>JON O. NEWMAN,
>DENNIS JACOBS,
>JOSEPH F. BIANCO,
>>*Circuit Judges.*

_____

PALWINDER SINGH,
>*Petitioner,*

v.                                                  **22-6304**
                                                   **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:                Richard W. Chen, Esq., New York, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; Brandon T. Callahan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.[1]

Petitioner Palwinder Singh, a native and citizen of India, seeks review of a May 25, 2022 decision of the BIA, affirming a March 20, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Palwinder Singh*, No. A202 017 683 (B.I.A. May 25, 2022), *aff'g* No. A202 017 683 (Immig. Ct. N.Y. City Mar. 20, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence

---

[1] Judge Newman dissents.

standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that Congress Party members twice threatened and beat him on account of his support for the Shiromani Akali Dal Mann Party. Substantial evidence supports the agency's determination that Singh was not credible.

3

The agency reasonably relied on inconsistencies in Singh's testimony and application regarding his alleged attacks. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Singh's testimony conflicted with his application as to whether his first attack occurred on October 26, 2014, or on November 5, 2014, and he submitted conflicting supporting affidavits that reflected the same inconsistency. Singh did not compellingly explain the inconsistency, particularly as he offered no reason why a supporting affidavit would contain the same error as his testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)).

The agency also reasonably relied on a discrepancy as to whether Singh's attackers fled by car or on foot. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh stated in his asylum application that, after the first alleged attack, his attackers drove away in their car. He testified, however, that after the first attack, his attackers walked

4

away from the scene, and after the second attack, they left in a vehicle. Singh did not compellingly explain this inconsistency. *See Majidi*, 430 F.3d at 80.

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As previously noted, the affidavits from Singh's family members and the sarpanch conflicted with each other and with some of Singh's statements and thus did not reliably corroborate his claims. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Moreover, the agency reasonably accorded the affidavits little weight because none of the affiants were available for cross-examination. *Likai Gao*, 968 F.3d at 149 ("[T]he IJ acted within her discretion in according [the affidavits] little weight because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination.").

The inconsistencies and lack of reliable corroboration provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 524 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6